PHILLIP A. TALBERT
Acting United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>                 v.<br><br>CUSTODIO IBARRA NUNEZ,<br><br>                         Defendant. | CASE NO.  2:20-CR-00026-KJM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 15, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

**BACKGROUND**

This case is set for a status hearing on November 15, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

1    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
2    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
3    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
4    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
5    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
6    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
7    or in writing").

8        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
9    and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-
10   justice continuances are excludable only if "the judge granted such continuance on the basis of his
11   findings that the ends of justice served by taking such action outweigh the best interest of the public and
12   the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable
13   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
14   the ends of justice served by the granting of such continuance outweigh the best interests of the public
15   and the defendant in a speedy trial."  *Id.*

16       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
17   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
18   natural disasters, or other emergencies, this Court has discretion to order a continuance in such
19   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
20   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
21   recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*
22   *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time
23   following the September 11, 2001 terrorist attacks and the resultant public emergency).

24       The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt
25   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-
26   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act
27   continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL
28   1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status hearing on November 15, 2021.

2. By this stipulation, defendant now moves to continue the status hearing until November 29, 2021, and to exclude time between November 15, 2021, and November 29, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes over 53 gigabytes of forensic cellular phone reports, videos, pictures, investigative reports, recorded interviews, vehicle tracking data, and other related documents in electronic form, much of which is in the Spanish language.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires additional time to review the existing and forthcoming discovery in this case, consult with his client, discuss potential resolutions with his client, and otherwise prepare for trial.

c) Counsel for defendant believes that failure to grant the above-requested

1  continuance would deny him/her the reasonable time necessary for effective preparation, taking

2  into account the exercise of due diligence.

3          d)      The government does not object to the continuance.

4  e)      In addition, because of the public health concerns cited by the General Orders and

5  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

6  ends-of-justice delay is particularly apt in this case.

7          f)      Based on the above-stated findings, the ends of justice served by continuing the

8  case as requested outweigh the interest of the public and the defendant in a trial within the

9  original date prescribed by the Speedy Trial Act.

10         g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

11 et seq., within which trial must commence, the time period of November 15, 2021 to November

12 29, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

13 Code T4] because it results from a continuance granted by the Court at defendant's request on

14 the basis of the Court's finding that the ends of justice served by taking such action outweigh the

15 best interest of the public and the defendant in a speedy trial.

16 //

17

18 //

19

20 //

21

22 //

23

24 //

25

26 //

27

28 //

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1      4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

must commence.

      IT IS SO STIPULATED.


Dated:  November 10, 2021           PHILLIP A. TALBERT
                           Acting United States Attorney


                           /s/ ADRIAN T. KINSELLA
                           ADRIAN T. KINSELLA
                           Assistant United States Attorney


Dated:  November 10, 2021           /s/ DAVID GARLAND
                           DAVID GARLAND
                           Counsel for Defendant
                           CUSTODIO IBARRA NUNEZ


## FINDINGS AND ORDER

      IT IS SO FOUND AND ORDERED.  The status hearing set for November 15, 2021, is

continued to November 29, 2021, at 9:00 a.m., and the time between November 15, 2021, and

November 29, 2021 is excluded under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

DATED:    November 16, 2021.


                           CHIEF UNITED STATES DISTRICT JUDGE